■ PETER ATHINEOS et al., Appellants, v CAROL THAYER, Respondent.—In a holdover proceeding against the occupant of a rent-controlled apartment, the petitioners appeal, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated January 26, 1988, which affirmed an order of the Civil Court of the City of New York, Kings County (Greenstein, J.), dated December 31, 1986, granting the respondent's motion for summary judgment and denying the petitioners' cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

In 1943 the then 14-year-old respondent, an orphan who had been living in a foster home, was taken into the home of Peter and Zoebada Boutross. In 1951 the Boutross family, including the respondent, moved into the rent-controlled apartment from which the petitioners now seek to evict her, where, as the evidence established, they lived as a family until 1985, when Mrs. Boutross died. Her husband had died 12 years earlier. Shortly thereafter the petitioners commenced this proceeding seeking to evict the respondent, alleging that since the Boutrosses never formally adopted the respondent she was not a member of their family and therefore was not entitled to continue to reside in the rent-controlled apartment under New York City Rent and Eviction Regulations (9 NYCRR) § 2204.6 (d). The Civil Court granted the respondent summary judgment, alternatively finding that the respondent was entitled to possession of the apartment as a cotenant and as a family member of the deceased tenant. The Appellate Term unanimously affirmed, finding that the respondent "was so assimilated into this family as to be the equivalent of the Boutross' daughter". We granted leave to appeal, and now affirm the Appellate Term's determination.

The evidence adduced here clearly established that all the parties involved, the Boutrosses, their children, and the respondent, considered themselves to be a family, and presented themselves as such. Thus the fact that their relationship had never been formalized by means of an adoption order should not result in their exclusion from the protections afforded by New York City's Rent Control Law (see, Braschi v Stahl Assocs. Co., 74 NY2d 201). Mangano, J. P., Brown, Lawrence and Eiber, JJ., concur.